## Higgins Carpet Co. *v.* Thomas M. Latimer, Appellant.

[Marked to be reported.]

*Rules of court—Notice of set-off—Damages for breach of contract—Review —Practice, S. C. and C. P.*

A rule of court which provides that the defendant who files a specification and statement of set-off shall notify the plaintiff thereof within fifteen days after filing the same, applies to a counterclaim for damages for refusal by plaintiff to deliver goods purchased by defendant from plaintiff at an agreed price.

The rule was meant to embrace every species of counterclaim that might be legally or equitably interposed as a defence.

165 617
184 351
184 353
165 617
201 282

165 617
21 SC ³205

165 617
23 SC ᵃ 36

165 617
e 30 SC ¹536

165 617
226 ²466

Every court is the best judge of its own rules, and the Supreme Court will not reverse for any construction unless it is manifestly erroneous and injurious.

Submitted on paper-books Nov. 6, 1894. Appeal, No. 116, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1893, No. 71, on verdict of plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit for goods sold, etc.    Before SLAGLE, J.

Plaintiff's statement was as follows :

" T. M. Latimer, the defendant above named, is justly and legally indebted to E. S. Higgins Carpet Company, the plaintiff above named, in the sum of $2,619.32 with interest thereon from Feb. 18, 1893, which said indebtedness arises as follows, viz : for merchandise sold and delivered by plaintiff to defendant at the special instance and request of defendant at various times from April 19, 1892, to Nov. 7, 1892.

" That the prices charged for said merchandise were reasonable and just, and the same that defendant agreed to pay plaintiff therefor.    A true and correct copy of said indebtedness, taken from plaintiff's books of original entry, marked ' Exhibit A ' is hereto attached and made part hereof.

" That said sum of money, together with the interest as aforesaid, is wholly due and payable.

" The defendant is entitled to the following credit, viz : $2,481.67."

The affidavit of defence was as follows :

" The defendant, Thomas M. Latimer, being duly sworn, says : That he is not indebted to the plaintiff in the sum of $137.65, as alleged in the affidavit of claim, or in any part thereof.

" Defendant says that instead of being indebted to the plaintiff the plaintiff is indebted to him in the sum of $168.62, for which amount he asks a certificate in his favor, upon the trial of this case.

" The defendant says that he purchased 100 pieces of carpet from the plaintiff at a price agreed upon, but that there being a rise in the market after the defendant purchased said 100 pieces of carpet, the plaintiff herein refused and neglected to

ship more than 57 pieces, and the rise being more than five cents per yard, the defendant herein claims credit for five cents per yard loss on 43 pieces not shipped, which would amount to $129.00.

" The defendant claims credit on sprouted carpets in accordance with his contract made with the plaintiffs, which would amount to $61.36.

" Defendant also claims credit for the trade discount of 5 per cent, which was specially agreed to be given him in the foregoing purchases, which would amount to $94.37.

" Defendant hereto attaches and refers to an itemized statement of the account between the plaintiff and defendant, showing that the plaintiff has been paid in full, and that there is a balance of $168.62 due to the defendant, for which amount he will ask for a certificate in his favor at the trial of the case.

" All of the foregoing facts and each item of the account hereby referred to and made part hereof, the defendant will prove to be true and correct upon the trial of this case."

The itemized statements were not printed in the paper-books.

No notice of the affidavit of defence was served on plaintiffs.

Rule 8 of the rules of court was as follows:

" Sec. 1. In all actions on recognizance, judgments and other records, mortgages, mechanics' liens, policies of insurance, book accounts, bills, notes or other instruments of writing for the payment of money, and on all contracts for the payment of money, whether the same be in writing or not, and in all actions founded on contract, express or implied (whether in form ex contractu or ex delicto), the plaintiff shall file with or before his declaration a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which defendant shall, within the time hereinafter specified, file an answer verified by affidavit, and such items of the claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted.

" Sec. 2. If the specification and statement be filed with the præcipe, they shall be taken as an affidavit of claim, and defendant shall, without further notice, file his answer thereto within the time required for filing affidavits of defence, which answer shall be taken as an affidavit of defence. If the specification

and statement be not filed with the præcipe, the plaintiff shall within fifteen days after filing the same, notify the defendant thereof, and defendant shall within fifteen days thereafter file an answer thereto.

"Sec. 3. This rule shall apply to a specification and statement of set-off filed by defendant, who shall, within fifteen days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within fifteen days after notice thereof, file his reply thereto, verified by affidavit. If the plaintiff fails to comply with any of the requirements of this rule, judgment of non pros. shall be entered against him by the prothonotary; and if the defendant fails to comply with any of the requirements thereof, the plaintiff shall be entitled to judgment against him as for default of a plea and affidavit of defence.

"Sec. 4. No evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action or matter of defence in the statements then on file in the case. Either party may at any time before the cause is placed on the trial list, supplement his affidavit, as of course, giving notice thereof in writing to the opposing counsel, within fifteen days of the filing of such supplemental affidavit; but after the cause has been placed on the trial list, such supplemental affidavit shall be filed only by special allowance of the court, and upon such terms as to notice, costs and continuance, as may be deemed just and proper under all the circumstances of the case."

On the trial plaintiff offered his statement of account and rested. Defendant then offered evidence of defence as set forth in the affidavit of defence. Plaintiff objected to the testimony offered on part of defendant, because notice was not given as required by rule of court in case of set-off. The court sustained the objection, ruled out the evidence [1] and directed a verdict in favor of plaintiff for the full amount of his claim. [2]

Verdict and judgment for plaintiff for the full amount of his claim. Defendant appealed.

*Errors assigned* were (1) ruling; (2) instruction; quoting bill of exception and instruction.

*Thos. M. Marshall, Jr., John D. Brown* and *Frank P. Sproul,* for appellant.—If any portion of the defence is not set-off, the

application of the rule to such portion was improper, and the court erred.

The court below seems to have concluded that the terms of the contract of sale were established because the items were not disputed, and that any defence must therefore be set off. He confused the two sections of the rule, and his correct application of the first led to his erroneous application of the third.

There was nothing in the nature of a fresh or independent demand, and nothing consequently to which the third section of the rule under discussion could apply: Gannon v. Fritz, 79 Pa. 303. The object of the rule is to prevent surprise: Finlay v. Stewart, 56 Pa. 183. Defendant cannot be surprised by a correction of his erroneous statement.

*George D. Riddle*, for appellee.—Whether the defence was a technical set-off or a defalcation under the broader practice of this state, or merely failure of consideration resulting in an over-payment which defendant sought to get back, is not at all material: Bair & Gazzam, Ltd., v. Hubartt, 139 Pa. 97.

The cases relied on by appellant decided that the construction of their rules by the lower courts is ordinarily conclusive; their discretion will be interfered with only where error is manifest: Gannon v. Fritz, 79 Pa. 303; Finlay v. Stewart, 56 Pa. 193.

It is better to have no rule than to depart from it on slight or frivolous pretexts: Rentzheimer v. Bush, 2 Pa. 117.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

Inasmuch as both specifications of error, in effect, challenge the correctness of the court's construction of its eighth rule, they may be considered together. If the rule was rightly construed there was no error in striking out defendant's testimony and directing a verdict for plaintiff. This is the only question in the case.

The first section of the rule requires that in certain actions therein specified, " the plaintiff shall file with or before his declaration a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which defendant shall, within the time hereinafter specified, file an answer verified by affidavit; and such items of the claim and material averments of facts as are not directly

and specifically traversed and denied by the answer shall be taken as admitted."

The next section declares: "If the specification and statement be filed with the præcipe, they shall be taken as an affidavit of claim, and defendant shall, without further notice, file his answer thereto within the time required for filing affidavits of defence, which answer shall be taken as an affidavit of defence. If the specification and statement be not filed with the præcipe, the plaintiff shall, within fifteen days after filing the same, notify the defendant thereof, and defendant shall within fifteen days thereafter file an answer thereto."

The third section declares: "This rule shall apply to a specification and statement of set-off filed by defendant, who shall, within fifteen days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within fifteen days after notice thereof, file his reply thereto, verified by affidavit."

The fourth section of the rule, after declaring that, " no evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as ground of action or matter of defence in the statements then on file in the case," provides for supplementary amendments of said statements, affidavits, etc.

The company plaintiff, strictly complying with the first section of the rule, filed with its præcipe a duly verified specification of the items of its claim, and averments of fact necessary to support the same, in connection with which it gave defendant credit for $2,481.67 on account, and claimed the balance as due and payable.

Without directly and specifically traversing or denying a single item or averment of fact in plaintiff's statement, the defendant, in his answer, denies in the most general terms that he is indebted to plaintiff in the balance alleged, " or in any part thereof," and then avers " that instead of being indebted to the plaintiff, the plaintiff is indebted to him in the sum of $168.62, for which amount he seeks a certificate in his favor upon the trial of this case."

This is supported by averments of three items, in the nature of set-off, or counterclaims against plaintiff, one of which is damages for refusal to deliver forty-three pieces of carpet purchased by him from plaintiff at an agreed price, etc. After

setting forth in a general way, but not as clearly as should have been done, the nature and amounts of the other two items, the answer contains the following averment: "Defendant hereto attaches and refers to an itemized statement of the account between plaintiff and defendant, showing that plaintiff has been paid in full and that there is a balance of $168.62 due to defendant," etc. Presumably, the "itemized statement" thus referred to was regarded by the defendant as a necessary part of his affidavit of defence, and, whether he so considered it or not, we should have been furnished with a copy thereof, so that the entire defence, as presented to the court below, might be considered by us; but, waiving this omission, we think the learned trial judge was clearly right in holding that the defence interposed was such as to bring it within the true intent and meaning of the third section of the rule. As already observed, not a single item of plaintiff's claim nor a single averment of fact in support thereof, was specifically traversed and denied, and hence, as was his right under the rule, the plaintiff introduced them as admitted, and then rested. The defendant thereupon, assuming the burden, undertook to prove his counterclaim, when he was met by the objection that he had not complied with the rule as to notice. It is not a sufficient answer to say that the defence was not set-off and therefore the rule was not applicable. The first item of defence, as we have seen, is clearly a counterclaim for damages resulting from refusal to deliver certain pieces of carpet, etc. It may be that in the technical sense of the word the other items are not strictly "set-off," but the rule was never intended to have any such restricted meaning. It was meant to embrace every species of counterclaim that under our more liberal practice may be legally or equitably interposed as a defence: Bair v. Hubartt, 139 Pa. 96, and 27 W. N. C. 272. As was well said by our brother MITCHELL in that case: "The object of the rule . . . . is manifestly to reduce the contest at the trial to the points actually in dispute, and whenever any matter sought to be introduced at the trial, called by whatever name it may be, is such as to require notice to the other side, the object of the rule would seem to demand its application." With the view of eliminating every uncontroverted fact, and thus narrowing the controversy to the points actually in dispute, it is just as impor-

tant that the plaintiff should be required to answer the counter-claim interposed by the defendant as it is that the latter should be called upon to specifically traverse and deny the items, etc., of the plaintiff's claim. If the defendant had given the required notice in this case, non constat that the plaintiff could have denied the items of his counterclaim. In that event, it would have been unnecessary to take up the time of the court in calling witnesses and attempting to make the necessary proof.

As a means of promoting justice and expediting the trial of causes, the rule under consideration has proved to be most valuable; and its usefulness and efficacy should not be impaired by neglecting to enforce its provisions on all proper occasions.

We have no doubt as to the correctness of the learned judge's construction of the rule in this case; but if we had, it would require much more than that to justify our interference. As has been frequently said, every court is the best judge of its own rules, and this court will not reverse for any construction unless it is manifestly erroneous and injurious: Coleman v. Nantz, 63 Pa. 178; Wickersham v. Russell, 51 Pa. 71; Gannon v. Fritz, 79 Pa. 303; Bair v. Hubartt, supra.

Judgment affirmed.