Tobyhanna & Lehigh Lumber Co. and Oscar Heller
    *v.* Home Ins. Co., Appellant.

*Judgment—Entry of judgment—Act of* May 25, 1887, *sec. 5—Affidavit of defense.*

Under the act of May 25, 1887, sec. 5, P. L. 271, judgment may be entered by the prothonotary, not in term time, for want of an affidavit of defense, on the præcipe of plaintiff's attorney, if no affidavit of defense has been filed within fifteen days after notice of the filing of plaintiff's statement; if the rules of court so provide.

Argued March 13, 1895. Appeal, No. 149, Jan. T., 1895, by defendant, from order of C. P. Monroe Co., Sept. T., 1894, No. 58, discharging rule to strike off judgment. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to strike off judgment.

The facts of the case appear by the opinion of CRAIG, P. J., which was as follows:

" The summons in this case was issued on the 11th day of September, 1894. On the same day plaintiff filed its statement. The summons and statement were served upon the defendant on the 14th of September following. The return day of the summons was the first day of next term—the 24th of September, 1894—just ten days after service. The defendant caused its appearance to be entered on the return day. No affidavit of defense was filed in the prothonotary's office by the defendant within fifteen days of the service of the statement; and, thereupon, on the 1st of October, 1894, the plaintiff took judgment, by default, for want of such affidavit, against the defendant in the sum of $735 in the prothonotary's office. The court was not in session at the time this judgment was entered. It seems that on the 10th of October, 1894, the plaintiff took judgment in the prothonotary's office against the defendant in the sum of $736.05 by default, for want of an affidavit of defense. At the argument it was conceded by the plaintiff that this second judgment was void. We so treat it. The contention, therefore, is confined to the judgment entered October 1, 1894.

" The defendant alleges that the judgment was entered without warrant of law, and contrary to the rules of this court. It is argued that under the act of 1887, P. L. 271, the motion for judgment must be made in court, that it cannot be taken in the prothonotary's office before the prothonotary, and that, under our rules of court, this judgment could not have been moved for in the prothonotary's office, until after the third day of the next succeeding term to which the process issued was returnable. The identical points made by the defendant were overruled by the late president judge of this district, Hon. S. S. Dreher, in the Oswego River Pulp Co. v. The Delaware Water Gap Paper and Pulp Co., 10 C. C. Rep. 312. This is a well considered opinion in our judgment, and we adopt it as sound. He says :

" ' The defendant contends that the motion for judgment for want of an affidavit of defense should be made in court, and that the prothonotary cannot enter judgment on motion before him. Our rule of court adopted before the passage of the act of 1887, provides that the plaintiff shall be entitled to judgment by default for want of an affidavit of defense, to be entered in court, at his request, on the third day of the next succeeding term to which the process issued is returnable . . . . or in the prothonotary's office, or in court, at any time after, unless the defendant shall have made an affidavit, and filed the same with the prothonotary. . . . As I understand the 5th section of the procedure act of 1887, judgment may be moved for, if no affidavit of defense be filed within fifteen days after notice of the filing of the plaintiff's statement, in accordance with the present practice in actions in debt and assumpsit; and as under our rule of court and practice the plaintiff is entitled to judgment by default for want of an affidavit of defense to be entered in court at his request on the third day of the next succeeding term to which the process is returnable, or in the prothonotary's office at any time after, unless the defendant shall have made an affidavit and filed the same, I am of opinion that the prothonotary had authority to enter judgment in this case. The act of assembly has fixed fifteen days after notice of the plaintiff's statement having been filed, instead of the third day of the next succeeding term, leaving the rule of court and practice thereunder to stand in all respects, and excepting as to the time when judgment may be moved for or requested.'

This ruling is fully sustained, we think, by our Supreme Court in Newbold v. Pennock, 154 Pa. 591; Marlin v. Waters, 127 Pa. 177.

" The defendant cites the act of 1889, P. L. 41, and argues from it that, prior to its passage, judgment for want of affidavit of defense under the act of 1887 could only be entered when properly moved for in court. It will be observed that the decision of Judge DREHER, supra, was rendered in 1891. As we look at the act of 1889, it settles a practice concerning which there may have been, theretofore, a diversity of opinion and· practice.

" Taking the record as it is, we see nothing to warrant our interference with the judgment.

" And now November 12, 1894, the rule, heretofore granted to defendant on the 23d of October, 1894, is discharged.

*Error assigned* was above order.

*S. Holmes, James W. Oakford* with him, for appellant.—The courts do not favor a judgment entered by default: Singerly v. Harrisburg Printing Association, 2 Pearson, 110; Marble Co. v. Desh, 39 L. I. 349; Bright v. McLaughlin, 1 Pa. C. C. 296; Kelly v. Schollenberger, 16 W. N. C. 507; Hinton v. Hart, 1 Woodward, 98; Keenan v. Dugan, 6 Lanc. 408; Supply Co. v. Cooper, 4 C. P. 103; Knittle v. Compton, 4 C. P. 117; Brandle v. Jones, 2 Woodward, 7.

There is no authority of law for entering judgment on a præcipe filed in the prothonotary's office, under the circumstances of this case, even though the defendant be in default: Act of May 25, 1887, sec. 6, P. L. 271; act of April 22, 1889, P. L. 41.

*Charles B. Staples, John B. Storm* with him, for appellee, cited: Newbold v. Pennock, 154 Pa. 591; Honeywell v. Tonery, 5 Kulp, 360; act of April 22, 1889, P. L. 41; Gould & Co. v. Gage, Hitchcock & Co., 118 Pa. 559; Marlin v. Waters, 127 Pa. 177; Byrne v. Hayden, 124 La. 170; Ehret v. Lewis, 7 Pa. C. C. 108; Oswego Pulp Co. v. Delaware Water Gas Pulp Co., 3 Northampton Co. 25; Bair & Gazzam v. Hubartt, 139 Pa. 96; Carpet Co. v. Latimer, 165 Pa. 617; McLane v. Hoffman, 164 Pa. 491.

PER CURIAM, April 1, 1895:

If the refusal of the court to vacate the judgment, entered against the defendant for want of an affidavit of defence, needs any vindication, it will be found in the opinion of the learned judge sent up with the record, and authorities therein cited. Plaintiffs' statement, with copy of the policy on which their claim is founded, was filed and summons issued on September 11th, returnable on September 24, 1894. On September 14th, the summons and copy of statement were duly served on defendant, and on October 1st, sixteen days thereafter, judgment was entered for want of an affidavit of defense. According to Weigley v. Teal, 125 Pa. 498, and subsequent cases, the judgment thus entered is regular and valid.

The defendant company's affidavit of defense was not filed until November 6, 1894, more than a month after entry of the judgment, and no excuse appears to have been offered either for the original default, or for the subsequent unreasonable delay in presenting the affidavit of defense. In the circumstances disclosed by the record there was no error in refusing to disturb the regularly entered judgment.

Decree affirmed and appeal dismissed with costs to be paid by appellant.