The Carl Barckhoff Church Organ Company *v.* H. P. Ecker, trading as H. P. Ecker & Company, Appellant.

*Practice, C. P.—Rules of court—Book accounts—Affidavit as to items of set-off.*

A rule of court which provides that the defendant who files a specification or statement of set-off shall notify the plaintiff thereof within fifteen days after filing the same, and that no evidence will be heard upon the trial of the cause as to any facts not specifically alleged or referred to therein, applies to every species of counterclaim that may be legally or equitably interposed as a defense, and under this rule the filing of the statement of set-off, without more, is not notice to the plaintiff.  If notice of the filing of the specification be not given to the plaintiff within fifteen days, no evidence as to the counterclaim will be admitted at the trial.

Argued Nov. 9, 1897.  Appeal, No. 35, Oct. T., 1897, by H. P. Ecker & Co., from judgment of C. P. No. 3, Allegheny Co., May T., 1895, No. 574, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Assumpsit on a book account.  Before McCLUNG, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were to various offers of evidence on the part

of defendant, as to the allegations contained in the statement of set-off, none of which sets out the evidence in the manner provided by Rule XXIV of the Supreme Court.

*Joseph Breil*, for appellants, cited Lycoming Ins. Co. v. Hakes, 12 Leg. Int. 270.

*J. L. Ritchey*, with him *B. S. Ambler* and *George W. Acklin*, for appellee, cited Higgins Carpet Co. v. Latimer, 165 Pa. 617.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 3, 1898 :

Assuming for the present that the assignments of error are according to rule and founded on exceptions taken in the court below, this appeal involves the construction of Rule 8 of said court.   See Carpet Co. v. Latimer, 165 Pa. 619.

As will appear by reference to the rule, supra, the first section thereof requires the plaintiff, in certain specified cases, to file with or before his declaration a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which the defendant shall, within the time specified in the next section, file an answer verified by affidavit; and such items of claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted.   The second section, among other things, provides : " If the specification and statement be not filed with the precipe, the plaintiff shall, within fifteen days after filing the same, notify the defendant thereof, and defendant shall, within fifteen days thereafter, file an answer thereto."   The third section declares: " This rule shall apply to a specification and statement of set-off filed by defendant, who shall, within fifteen days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within fifteen days after notice thereof, file his reply thereto, verified by affidavit. If the plaintiff fails to comply with any of the requirements of this rule, judgment of non pros shall be entered against him by the prothonotary ; and if the defendant shall fail to comply with the requirements thereof, the plaintiff shall be entitled to judgment against him as for default of a plea and affidavit of defense."   The fourth section declares: " No evidence will be heard upon the trial of the cause as to any facts not substanti-

ally alleged or referred to as a ground of action or matter of defense in the statements then on file in the case," and also specifies the terms and conditions on which the affidavit of either party may be supplemented.

The plaintiff in this case, having complied with the rule of court, offered in evidence his verified statement, etc., for the purpose of proving the sale, delivery and price of the several items of claim therein specified, none of which is traversed or denied by the defendant, and the same having been admitted, without objection he rested on the prima facie case thus fully made out. The defendant, having filed, within the required time, a verified statement, embodying the items of his set-off or counterclaim, called a witness and offered "to prove the items of indebtedness of the plaintiff to the defendant, as set forth in the affidavit of defense, in addition to the credits allowed in the (plaintiff's) statement." This was "objected to because notice (of the filing) was not given as required by the rule of court in case of set-off." The objection was sustained ; and there being no evidence on behalf of the defendant the court, referring to Rule 8, supra, instructed the jury that in the case of "a specification of set-off or a defense in the nature of a set-off, the defendant is required to give notice of the filing of the items of his counterclaim, and then they are admitted, unless the plaintiff, within fifteen days, files a denial under oath specifying what particular items are denied. In this case the defendant has set up a number of items of this sort, a number of items that would come under the rule, as it appears to us, but he has given no notice, and the consequence is that under that rule he is not entitled to prove them. He can, as I understand the items, bring another suit for them, but he cannot set them off in this particular case. We have so ruled upon an offer of evidence, and the result is that there is no evidence in for the defense whatever, and the case simply stands upon the admissions to the effect that there is a balance due to plaintiff of $1,062.43, with interest from May 31, 1894." A verdict having been rendered accordingly, judgment was entered thereon. The subjects of defendant's complaint are, exclusion of his offer of evidence, misconstruction of the rule, and refusal to grant a new trial.

It is scarcely necessary to say that there is no merit in any of

the specifications of error. The learned trial judge was clearly right in construing the rule as he did, and in excluding defendant's offer of evidence, etc. It is not pretended that notice of the filing of defendant's statement of set-off or counterclaim was given to the plaintiff "within fifteen days after filing the same," as plainly required by the express words of the rule; but it has been suggested that filing the statement of set-off, without more, is notice to the plaintiff. The obvious answer to that is that the rule positively, and in language too plain to be mistaken, requires both filing and notification to the plaintiff. The defendant's statement of set-off or counterclaim must first be filed and, "within fifteen days" thereafter, the defendant must notify the plaintiff that it has been filed.

The rulings of the court below are in full accord with the opinion of this Court in Carpet Co. v. Latimer, supra. That case virtually rules the one under consideration. As was there said, the rule was meant to embrace every species of claim that might be legally or equitably interposed as a defense. As a means of promoting justice and expediting the trial of causes, the rule in question has proved to be most valuable, and its usefulness and efficiency should not be impaired by neglecting to enforce its provisions on all proper occasions.

In the face of all that is said in that case, the defendant in this, not only omitted to give the required notice, but uselessly undertook to consume the time of the court and jury by calling witnesses to prove the numerous items of setoff specified in his counter statement. All this might have been avoided by giving the notice required by the rule. The case as presented to the court below was an eminently proper one for the enforcement of the rule, as was done.

We have thus treated the alleged errors as properly assigned in order that the case may be finally disposed of on its merits; but it is proper to state that no exception appears to have been taken to the rulings of the court, and moreover the alleged errors are assigned with similar disregard of our rules to that with which Rule 8 of the common pleas was treated.

There is no merit in appellant's case, and the judgment is affirmed.