## American Structural Steel Company *v.* Annex Hotel Company, Appellant.

*Practice, C. P.—Rules of court—Set-off—Evidence—Notice—Building contract—Delay.*

1. A rule of court which requires a defendant who files a specification of set-off to notify the plaintiff thereof within fifteen days after filing the same, applies to a claim by a defendant for damages resulting from the plaintiff's delay in completing the building contract on which the suit was brought.

*Rules of court—Construction—Review.*

2. A court is the best exponent of its own rules, and an appellate court will not reverse the construction by a lower court of its own rules, unless such construction is manifestly erroneous and injurious.

*Contract—Building contract—Ambiguity—Duty of architect—Evidence.*

3. Where a building contract prepared by the owner's architects has been revised, and the building has been erected according to the revised plans, and the work has been approved by the architects, the owner cannot in a suit against him to recover a balance due on the contract show that the new plans required less steel, and that the architects were not authorized to draw the plans in that way.

Argued Oct. 27, 1909. Appeal, No. 142, Oct. T., 1909, by defendants, from judgment of C. P. No. 3, Allegheny Co.,

Feb. T., 1906, No. 159, on verdict for plaintiff in case of American Structural Steel Company v. Annex Hotel Company, and Herman Straub et al. Before Fell, Brown, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit on a building contract.

At the trial defendant made the following offer:

Mr. Griffith: We now offer to prove by the witness on the stand that at a meeting held in the office of Lyon, McKee & Mitchell, on March 31, 1905, there were present the witness and Herman Straub, Sr., the building committee of the defendant company, and Charles Franson, A. M. Stuart, representing James Stuart & Company, the building managers, and Walter Lyon, of the firm of Lyon, McKee & Mitchell, and Mr. McCollum, of the firm of McCollum & Dowler, architects for the defendant company, and Mr. Blicklic, of the Fort Pitt Bridge Company, and Mr. Brown, the witness who testified for the plaintiff, and at that time Mr. Brown, representing the plaintiff company, was informed of the changes that were to be made in the original plans and that these changes did not involve any change whatever in the weight of the steel to be furnished and erected in the building, and that upon the changes to be made, as he was informed, he made his bid, which was accepted at that meeting, and with the understanding that the building managers would prepare the written contract for signatures; for the purpose of showing that under the contract as made and under the written contract and the words, "revised plans," as used, no change in the weight of steel was to be made or was contemplated by the contract, these negotiations being had right at the time and immediately before the contract was let.

Objected to as incompetent and irrelevant. Objection sustained. Exception noted and bill sealed. [3]

Counsel for defendants proposes to prove by the witness on the stand that the architects for defendant company, McCollum & Dowler, had no authority whatever to approve any plans showing any change in the weight of the structural steel to be placed in the building.

Objected to by counsel for plaintiff, as the contract itself shows that they had authority. Objection sustained. Exception noted and bill sealed. [4]

A witness for defendants was asked this question:

"Q. Please state whether there were any delays on the part of the plaintiff in the performance of this contract in this case."

Counsel for plaintiff objected to going into the question of delay, for two reasons: in the first place, the architect who was to decide it has never decided it; and in the second place, the matter is not in issue in this case, as no notice was given to the plaintiff as to any set-off; on that account I object that under the pleadings it is not competent.

Objection sustained for the last reason. Exception allowed and bill sealed for defendant. [12]

The court gave binding instructions for plaintiff for the full amount claimed.

Verdict and judgment for plaintiff for $18,060.45. Defendants appealed.

*Errors assigned* among others were (3, 4, 12), rulings on evidence, quoting the bill of exceptions, and (16) in giving binding instructions for plaintiff.

*William A. Griffith*, with him *Cornelius D. Scully* and *David E. Mitchell*, for appellants.—Attention is called to the fact that the defendants in offering to introduce evidence of the delay and the causes thereof are not setting up a new contract, but are resting their case entirely upon the provisions of the contract set forth in plaintiff's statement of claim. Defendants are not by any means asking to prove a set-off. They are not proving a counterclaim to the demand of plaintiff, but are offering to prove that the plaintiff did not complete the contract, which plaintiff itself sets up, in one important particular, which was of the essence of the contract. It is pure matter of defense, and there is no doubt whatever that under the decisions in this state testimony offered by the defendants was admissible under the plea of non assumpsit: Scott v. Coal Co., 89 Pa. 231; Blessing v. Miller, 102 Pa. 45; Heck v. Shener, 4 S. &

R. 249; Gogel v. Jacoby, 5 S. & R. 117; Bayne v. Gaylord, 3 Watts, 301; Gaw v. Wolcott, 10 Pa. 43.

Treating the architects as the agents for the owner, it would follow that they had the right to bind the owner as to anything within the scope of their agency and as to anything which would come reasonably within the scope of their authority; but if their powers, as agents, were limited by the owner and the plaintiff had knowledge of those limitations, then we submit the plaintiff is bound by all the limitations upon those powers: Dubois v. Bigler, Young & Co., 95 Pa. 203; Oliver v. Oliver, 4 Rawle, 141; Campbell v. McClenachan, 6 S. & R. 171; Caulk v. Eberly, 6 Whart. 303; American Home Savings Bank Co. v. Trust Co., 210 Pa. 320; Rearich v. Swinehart, 11 Pa. 233; Lardner's Est., 16 W. N. C. 51; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Malone v. R. R. Co., 157 Pa. 430.

*R. A. Balph,* with him *James Balph,* for appellee.—The offer to prove an amount for delay in reduction of the claim of plaintiff, is clearly a matter of set-off or defalcation: Bair v. Hubartt, 139 Pa. 96; Higgins Carpet Co. v. Latimer, 165 Pa. 617; Carl Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350.

Every court is the best judge of its own rules: Blessing v. Miller, 102 Pa. 45.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

Counsel for appellants in this case say that the assignments of error raise two questions:

1. Was the offer of defendants to introduce testimony of delay on the part of plaintiff in completion of the Annex Hotel building, competent under rule 8 of the Allegheny county courts, requiring notice prior to the trial in case defendant proposes to introduce proof of set-off or counterclaim?

2. Had the defendants a right to explain what they claim to be ambiguous provisions of the contract sued upon, and the right to define and limit, by parol testimony, the powers of their architects in the approval of what was known as the "revised plans"?

With regard to the first question, the trial judge based his ruling, excluding evidence of the claim for damages on account of delay in the completion of the work, upon the failure of defendant to comply with the provisions of rule 8 of the Allegheny county common pleas courts. Section 3 of the rule provides: "This rule shall apply to a specification and statement of set-off filed by defendant who shall within fifteen days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within fifteen days after notice thereof, file his reply thereto, verified by affidavit."

The provision of the rule here in question has been before this court in at least three cases. In Bair & Gazzam v. Hubartt, 139 Pa. 96, the suit was upon a contract, and in the affidavit of defense it was alleged that the work had been done in a way that increased the cost, and impaired the value to the defendant, and a deduction was claimed upon that account. It was held that sec. 3 of the rule applied to a counterclaim of the kind set up.

On appeal, the judgment was affirmed by this court, Justice MITCHELL saying (p. 99): "It is argued that this part of the defense was not set-off, but failure of consideration, admissible in evidence under the general issue, and therefore that the rule of court was not applicable. But whether it was a technical set-off, or a defalcation under the broader practice of this state, or merely failure of consideration resulting in an overpayment, which defendant sought to get back, is not at all material. In any aspect, it was a counterclaim by defendant against plaintiffs. The object of the rule of court is manifestly to reduce the contest at the trial to the points actually in dispute, and whenever any matter sought to be introduced at the trial, called by whatever name it may be, is such as to require notice to the other side, the object of the rule would seem to demand its application. The defense, as already said, was a counterclaim, which certainly in substance partook of the nature of a set-off, and might well be held to be within the meaning of the term as used in the rule. Whether or not it should be so construed was peculiarly for the court below; and all our cases agree, that upon a question of the construction or

application of its own rules, a court can be reversed only for manifest and material error."

And in Higgins Carpet Co. v. Latimer, 165 Pa. 617, Chief Justice STERRETT said (p. 623): "It is not a sufficient answer to say that the defense was not set off and therefore the rule was not applicable. The first item of defense, as we have seen, is clearly a counterclaim for damages resulting from refusal to deliver certain pieces of carpet, etc. It may be that in the technical sense of the word the other items are not strictly 'set off,' but the rule was never intended to have any such restricted meaning. It was meant to embrace every species of counterclaim that under our more liberal practice may be legally or equitably interposed as a defense." And on p. 624: "As a means of promoting justice and expediting the trial of causes, the rule under consideration has proved to be most valuable; and its usefulness and efficacy should not be impaired by neglecting to enforce its provisions on all proper occasions."

In Organ Company v. Ecker, 184 Pa. 350, in answer to the suggestion that filing the statement of set-off, without more, was notice to the plaintiff, it was pointed out that the rule positively and plainly requires both filing of the statement and notification thereof to the plaintiff. We need add nothing further to these citations of authority. The rule in question has been tried and tested, and found to work well in the courts of the county from which this appeal comes. The exclusion of evidence by means of a general rule, may in particular instances work injustice, but any such occasional result is overbalanced by the stability which the general operation of the rule maintains. As to the interpretation and application of the rule in this instance, we see no reason to interfere. As our Brother MESTREZAT said in Webster v. Coal & Coke Co., 201 Pa. 278 (281): "We have repeatedly said that a court is the best exponent of its own rules, and that this court will not reverse for any construction, unless it is manifestly erroneous and injurious."

As to the second question raised by appellants, under the assignments of error, with respect to the rejection of offers of

parol testimony to explain an alleged ambiguity in the written contract, we do not see that there was any ground for the admission of the proposed evidence. It seems that plans and specifications had been prepared, upon which plaintiffs submitted an estimate. The estimated expense of building according to the original plans being greater than the company desired, certain alterations were made to reduce the cost, and revised plans and specifications were prepared by the architects. The contract contemplated the erection of the building according to these revised plans, and it was so erected, and the work was approved by the architects. The offer of defendants practically was to show that the new plans required less steel; that the architects were not authorized to draw the plans in that way, and that plaintiff should be compelled to make an abatement of the contract price, to the extent of the lessened amount of steel needed. We do not see that the evidence offered explains any ambiguity in the contract. There was no question between the parties as to the meaning of the term "revised plans and specifications." It referred to the new plans, etc., to be prepared by the architects, employed by the hotel company. The allegation is that the architects did not prepare such plans in the way their employers directed and authorized. But if so, it was not the fault of the plaintiff. The steel company had a right to rely upon the plans given to it by the architects who represented the hotel company. The contract provided that this work should be done according to the revised plans, and to the satisfaction of the architects and building managers. The work was so done, and the plaintiff was apparently entitled to receive the stipulated price. We can see no reason why the plaintiff should have supplied more steel than the contract called for, or why it should have departed in any way from the plans, in erecting the building. It was entitled to rely upon the apparent authority with which the defendant had clothed the architects.

The trial judge was right in rejecting the offers of evidence intended to vary the terms of the written contract, and in directing a verdict for the plaintiff.

The judgment is affirmed.