## Elm City Lumber Company *v.* Haupt, Appellant.

*Practice, C. P.—Rules of court—Partnership—Affidavit denying partnership notice.*

1. When a rule of court expressly provides that a fact material to plaintiff's right to recover, duly averred on the record, shall be taken as admitted, unless the defendant file an affidavit denying the fact and serve a copy thereof upon the plaintiff or his attorney, it is incumbent on the defendant not only to file the affidavit of record, but to serve a copy thereof upon the plaintiff or his attorney. This principle is applicable to an action against a partnership where a rule of court provides that the partnership shall be admitted as alleged unless denied by affidavit with copy thereof served upon the plaintiff.·

2. The court is the best exponent of its own rules, and such construction will not be reversed unless it is manifestly erroneous and injurious.

*Partnership—Infant—Liability of infant partner—Exemption from personal liability.*

3. An infant cannot, as against his copartners insist that in taking the partnership's accounts, he shall be credited with profits and not debited with losses; and as against the creditors of the firm he has no higher rights to the firm property than the adult partner; his only right is immunity from personal liability.

4. In an action against a partnership where one of the defendants is shown to be a minor, the plaintiff is entitled to a judgment which

will bind the property of the firm and the partners who are of full age, but as against the minor he is entitled to a judgment limited to the property of the firm, and not binding upon the minor individually.

Argued Dec. 7, 1911.   Appeal, No. 87, Oct. T., 1911, by defendants, from judgment of C. P. Schuylkill Co., Sept. T., 1909, No. 279, on verdict for plaintiff in case of The Elm City Lumber Company v. David E. Haupt et al., doing business under the firm name of D. F. Haupt.   Before Rice, P. J., Henderson, Morrison, Head, Beaver and Porter, JJ.   Judgment modified and affirmed.

Assumpsit upon a book account.   Before Brumm, J.

From the record it appeared that the action was brought against David F. Haupt, Samuel C. Haupt and Salinda Haupt, "doing business under the firm name of D. F. Haupt."

The defendants filed an affidavit denying the partnership, but there was nothing on the record to show that any notice of the affidavit had been given to the plaintiff or a copy of it served upon him.

The defendants presented this point:

1. That under all the evidence there can be no verdict in this case against David F. Haupt.   *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $746.34.   Defendants appealed.

*Errors assigned* were (1) binding instructions for plaintiff; (2) refusal of defendants' point; (3) refusal of binding instructions for defendants; (4) in admitting plaintiff's offer to show that no notice of an affidavit denying partnership had been given to plaintiff.

*C. E. Berger,* with him *R. P. Hicks,* for appellants.— " An infant may disaffirm a partnership contract and avoid all liability under it, including the partnership debts:" Bixler v. Kresge, 169 Pa. 405; Smith v. Eisenlord, 2 Phila. 353.

The case did not properly construe its own rules: Magill's App., 59 Pa. 430; Lancaster County Nat. Bank v. Henning, 171 Pa. 399; Connor v. Lyon, 13 Pa. Superior Ct. 502.

The plaintiff in this case did not bring itself within the terms of the rule of court, and should have been required to prove the partnership as alleged: Todd v. Ins. Co., 9 Pa. Superior Ct. 371; Brennan's Est., 65 Pa. 16; Gannon v. Fritz, 79 Pa. 303.

*J. F. Minogue* and *Ormond Rambo,* with them *William Wilhelm,* for appellee.—Where an affidavit of no partnership is required to be filed at or before plea filed, proof of partnership is not required: Stahle v. Poth, 220 Pa. 335; O'Brien v. Levin, 11 Pa. Dist. Rep. 729; Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350; American Structural Steel Co. v. Hotel Co., 226 Pa. 461; Dexter v. Powell, 14 Pa. Superior Ct. 162; Whittemore v. Elliott, 7 Hun (N. Y.), 518.

The acts of an infant partner before his disaffirmance of the partnership, bind the firm: Avery v. Fisher, 28 Hun (N. Y.), 508; Hill v. Bell, 111 Mo. 35 (19 S. W. Repr. 959).

OPINION BY PORTER, J., July 18, 1912:

The plaintiff brought this action against the defendants, as a partnership, "doing business under the firm name of D. F. Haupt." The action being against the partnership, the necessity for the production of evidence by the plaintiff tending to establish the existence of that partnership was to be determined under the lawfully adopted rules of the court below regulating trials of issues of fact, among which is: "Rule 7: That in actions by or against corporations or partnerships it shall not be necessary for the plaintiff to prove the partnership or incorporation, but the same shall be admitted as alleged on the record, unless one or more of the defendants shall file an affidavit and serve a copy thereof upon the plaintiff or his attorney not

less than thirty days before the trial of said cause, deny-
ing the existence of the partnership or incorporation as
alleged, and stating to the best of his knowledge or belief
whether there is any partnership or incorporation in rela-
tion to the subject-matter of the action, and who are the
partners or the name and style of the corporation."
When a rule of court of this character expressly provides
that a fact material to plaintiff's right to recover, duly
averred on the record, shall be taken as admitted, unless
the defendant file an affidavit denying the fact and serve
a copy thereof upon the plaintiff or his attorney, it is
incumbent on the defendant not only to file the affidavit
of record but to serve a copy thereof upon the plaintiff
or his attorney: Higgins Carpet Co. v. Latimer, 165 Pa.
617; Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350;
American Structural Steel Co. v. Annex Hotel Co., 226
Pa. 461. The plaintiff, in order to bring himself within the
operation of the rule in the present case, was only required
to bring his action against the defendants as partners and
to charge them as such in his statement; this he did. The
defendants were then required, by the rule, to act, if they
desired to put the plaintiff to proofs of the existence of the
partnership and that this was a partnership transaction,
they must both file the affidavit denying the fact and serve
a copy thereof upon the plaintiff, or his attorney. These
defendants did file an affidavit denying the existence of the
partnership, but the record disclosed no proof of service
of notice of filing that affidavit upon the plaintiff, nor was
there a scintilla of evidence tending to show that any at-
tempt had been made by the defendants to give the plain-
tiff the notice required by the rule. This being the case,
the learned judge of the court below held that the plain-
tiff was not required to produce evidence of the existence
of the partnership and that, under the rule, the fact of
partnership must be taken as admitted. It has been re-
peatedly held that a court is the best exponent of its own
rules, and that such construction will not be reversed
unless it is manifestly erroneous and injurious. The

ruling of the court below was fully sustained by the authorities above cited and we certainly would not be warranted in holding that the ruling was erroneous. This disposes of all the specifications of error, except the second.

The defendant David F. Haupt was, at the trial, admitted to have been a minor at the time of the delivery of the goods in question to the defendant firm. This being the case, he upon coming of age notified the plaintiff that he disclaimed liability for this claim, because of his minority at the time the goods were delivered. There was no evidence in the case that he, upon attaining his majority, disaffirmed the partnership. There was submitted to the court below a point requesting an instruction that there could be no verdict against David F. Haupt, which point the court refused, and that refusal is the subject of the second specification of error. An infant cannot, as against his copartners, insist that in taking the partnership accounts, he shall be credited with profits and not debited with losses, and as against the creditors of the firm he has no higher rights to the firm property than the adult partner; his only right is immunity from personal liability: Pollack on Contracts, 4th ed., *p. 56; Bates on Partnership, 147; 22 Cyc. 586; Avery v. Fisher, 28 Hun (N. Y.), 508; Hill v. Bell, 111 Missouri, 35. The plaintiff was entitled to a judgment which would bind the property of the firm and Samuel C. Haupt and Salinda Haupt, individually, but as against David F. Haupt it was entitled to a judgment limited to the property of the firm, and not binding him individually. The court below could not have affirmed the request of David F. Haupt for an instruction that there could be no verdict against him, for the plaintiff was entitled, as against him, to a judgment limited to the firm assets. The judgment must, however, be modified so as to limit its lien and that of any execution issued thereon to the property of the firm and that of Samuel C. Haupt and Salinda Haupt.

The judgment is modified by limiting the lien thereof

and of any execution thereon issued to the individual property of Samuel C. Haupt and Salinda Haupt and the partnership property of David F. Haupt, Samuel C. Haupt and Salinda Haupt, doing business under the firm name of D. F. Haupt; the said David F. Haupt being hereby released from individual liability under said judgment; and as modified the judgment is affirmed.