Opinion by
Porter, J.,
The defendant, a real estate broker, had acted as agent for the plaintiff in an attempt to exchange a lot owned by the latter for a property owned by Morris Kaufmann, and the proposed sale of the Kaufmann property when acquired by plaintiff to C. L. Young, the latter transaction being made by the terms of the agreement, dependent upon the success of the former. Young paid to the defendant, as agent of the plaintiff, the sum of $500. Plaintiff was unable to obtain title to the Kaufmann property; the proposed sale to Young could not be consummated; Young demanded the hand money which he had paid and it was paid to him by the plaintiff. The plaintiff brought this action to recover of the defendant ■the money which the latter had received as his agent in the transaction and recovered a judgment in the court below. The defendant appeals.
*3 The specifications of error are all covered by appellant’s "statement of questions involved,” which are two in number, viz.: "First, whether when the allegation in plaintiff’s statement of claim was for money had and received by defendant as the agent of plaintiff, the plaintiff can abandon that ground of action at the trial and recover on evidence alleging the plaintiff had paid the sum claimed to a third party upon an express promise by the defendant to reimburse him.” The appellant, in short, contends that the plaintiff was permitted to recover upon evidence which did not support the cause of action set forth in his pleading. The purpose of the rule which requires that allegations and proofs must correspond is that the defendant may know that he need only answer what is charged against him: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Stewart v. DeNoon, 220 Pa. 154. The specific facts upon which the parties have joined issue in any case is to be determined from all the pleadings.
The court below for the purpose of expediting trial and clearly defining the issues of fact involved has adopted a rule which requires that in certain actions therein specified, "the plaintiff shall file .... a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which the defendant shall, within the time hereinafter specified, file an answer verified by affidavit, and such items of claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted.” The second section of the rule provides for notice to the defendant of the filing of the statement, limits the time within which an answer must be filed and provides that such answer shall be taken as an affidavit of defense. The third section declares: "This rule shall apply to a specification and statement of set-off filed by the defendant, who shall, within fifteen days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within fifteen days after notice thereof, file his reply thereto, verified by affidavit.” *4 The fourth section provides that: “No evidence shall be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action of matter of defense in the statements then on file in the case.” This rule has been considered, sustained and its wisdom commended in a number of cases decided by the Supreme Court, among which are Higgins Carpet Co. v. Latimer, 165 Pa. 617; Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350; American Structural Steel Co. v. Annex Hotel Co., 226 Pa. 461.
The plaintiff in the present case -having filed his statement, the defendant replied thereto by affidavit, admitting that he had in the transaction received the money in question, but averring that in the transaction the plaintiff had become indebted to him in the sum of $1,400 for commissions, as agent and broker, and that the plaintiff had, “on or about the 23d day of July, 1907, or within a short time thereafter, .... authorized this affiant to keep in his possession the said $500, and the plaintiff agreed with this affiant that he might hold and retain the said $500 as payment of part of his commission agreed upon by the plaintiff to be paid to this affiant for negotiating the sale of the real estate aforesaid.” The defendant attached to his answer a copy of the written agreement between the plaintiff and C. L. Young, containing a covenant that the $500 hand money should be refunded to Young in case Willock failed to secure title to the property. The appellant contends that this agreement made him a mere stakeholder of the $500, and that upon the failure of Willock to secure title he, the appellant, was required to return the money to Young, and would be liable therefor in an action by the latter. With regard to this last assertion of defense it is sufficient to say that the contract was in writing and its construction was for the court. The appellant was not a party to that contract and he was not bound by its covenants. The covenant that the money should be returned was the covenant of Willock. The appellant in commenting on this contract *5 has entirely failed to consider this dominating covenant, viz.: ‘ ‘ The above mentioned hand money to be refunded if, upon examination of the records, the title should not prove clear, or cannot be made clear;” and to the true performance of this covenant Willock bound himself, his heirs, etc. He did not covenant that Hamilton should return the money, but covenanted for himself that the money should be refunded to Young. There was nothing in this contract which relieved the appellant of his liability to Willock, as agent of the latter. The appellant having filed this affidavit of defense complied with the provisions of the rule above quoted by giving notice thereof to the plaintiff and, as the answer had embodied an allegation of set-off, the plaintiff was bound under the rule to reply thereto. The plaintiff, in compliance with the rule, filed his replication, verified by affidavit, in which he explicitly denied that he had agreed that the defendant should retain the $500 in payment of a part of his commissions, he denied that he had agreed to pay any commission to the defendant or that the latter was entitled to such commission, and attached to his replication a written contract between himself and the defendant expressly stipulating that no commission should be paid unless the sale was consummated. He further specifically averred that he had refunded the $500 to Young at the request of the defendant and upon the express promise of the latter to reimburse the plaintiff. The defendant replied to this replication with the pleas of non assumpsit, set-off and special matter set forth in affidavit of defense. The parties had by these proceedings brought themselves directly within the operation of the rule of the court below. In determining the issues of fact thus raised all the pleadings are to be considered. That the defendant received the money under the terms of the written agreement between the plaintiff and Young, and that he received it as the agent of the plaintiff must be taken as an admitted fact, under the rule. The only question of fact to be determined under the issue as framed was whether *6 the defendant was entitled to retain the money upon account of commissions owing him by the plaintiff. All of the evidence introduced by the plaintiff was material to the determination of this issue. It was certainly competent for plaintiff to prove that he had refunded the money to Young at the request of the defendant and upon his express promise to repay the amount to the plaintiff the next week, for the defendant was asserting that the plaintiff had prior to that time agreed that he, the defendant, should retain this money and apply it to the payment of his alleged commissions. The specifications of error which relate to the first question involved, as stated by appellant, are without merit.
The defendant states the second question involved by the specifications of error thus: “Whether a verdict should stand which is more than the amount of plaintiff’s claim' when no evidence was introduced to fix a date from which to calculate interest.” The plaintiff had in his statement averred the right to recover interest, and it cannot, therefore, be asserted that the recovery was for anything not alleged in the statement. This action was brought November 28, 1908; there is no question under the pleadings and evidence that the plaintiff had actually refunded the money to Young prior to that date. The bringing of the action was certainly a demand for the money and the defendant at that time asserted that the money was his own and refused to pay it. The finding of the jury, as to the disputed facts, determines that this retention of the money by the defendant was wrongful, and under such circumstances he was legally liable for interest. The question, as stated by appellant, is not as to the date from which the interest should be computed, but whether the plaintiff was entitled to recover interest for any period whatever. With the question thus broadly stated, the answer must be that the plaintiff was entitled to recover interest for the period during which the money was unlawfully detained.
The judgment is affirmed.