## Jackson v. Blair, Inc., et al.

*Replevin — Landlord and tenant — Affidavit of defence—Reply—Philadelphia Rule 68—Act of April 19, 1901.*

1. Philadelphia Common Pleas Rule No. 68, which requires that in cases in which the defendant does not claim ownership of the property replevied, but claims a lien thereon or right therein under a distraint for rent, he shall assert such claim in his affidavit of defence by way of counter-claim, and the same practice and procedure shall be had as in actions in *assumpsit*, and judgment may be entered against the plaintiff for want of a reply or for want of a sufficient reply, is a valid exercise of the rule-making power given the courts by section 12 of the Replevin Act of April 19, 1901, P. L. 88.

2. The object of the rule is to compel the tenant to disclose whether he has a real defence to the rent, for, if he has none, the landlord should not be obliged to incur the needless expense of a trial.

Replevin. C. P. No. 1, Phila. Co., Dec. T., 1926, No. 1533.

*F. T. Tobin*, for plaintiff; *Saul, Ewing, Remick & Saul*, for defendants.

TAULANE, J., April 30, 1927. — This is an action of replevin by a tenant against his landlord for goods distrained for rent in arrear.

The affidavit of defence is drawn in accordance with Rule 68, recently adopted by the Courts of Common Pleas, which reads as follows: "In all actions of replevin, in which the defendant does not claim ownership of the property replevied but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defence, in like manner and form as is required for counter-claims in actions of *assumpsit* under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require."

The plaintiff raises the question that he is not obliged to file a reply to the affidavit of defence because Rule 68 conflicts with section 6 of the Replevin Act of April 19, 1901, P. L. 88, which provides: "The declaration and affidavit of defence as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury. If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles."

Rule 68 is substantially similar to Rule 139 of the Court of Common Pleas of Allegheny County, and in Pickering Co. *v.* Kerr, 72 Pitts. L. J. 810, it was held that the court had authority to enact the rule.

With this conclusion we agree, and we are satisfied that section 12 of the act, authorizing the courts to make general rules not inconsistent with the act, is ample authority for the rule.

The Replevin Act is ill adapted to proceedings in replevin for goods distrained for rent. In fact, until the Superior Court settled the question in Drumgoole *v.* Lyle, 30 Pa. Superior Ct. 463, there was a division of opinion whether the act applied to such cases: Williams *v.* Rutherford, 14 Dist. R. 282; Rosenfeld *v.* Goldberg, 14 Dist. R. 381; and Crawford *v.* Fulmer, 14 Dist. R. 487.

Judge Henderson in the Drumgoole case recognized the clumsiness of the act when applied to landlord and tenant cases. He said (page 466): "The 12th section authorizes Courts of Common Pleas to make rules governing the

Jackson v. Blair, Inc., et al.

proceedings under the act. These provisions are broad enough to cover actions between tenant and landlord and make possible an expeditious and practical determination of issues raised by the pleadings."

Notwithstanding Rule 68, the statement of claim and affidavit of defence still constitute the issue. The reply called for by the rule is in the nature of an affidavit of defence; and the courts have always had power, without an enabling statute, to require the plaintiff or defendant to file an affidavit of defence: Vanatta v. Anderson, 3 Binney, 417; Harres v. Com., 35 Pa. 416; Lawrance v. Borm, 86 Pa. 225; and 3 W. N. C. 567, note.

The Rules of Court of Allegheny County, prior to the Practice Act of 1915, requiring a reply to a counter-claim, were invariably upheld by the Supreme Court: Bair & Gazzam, Lim., v. Hubartt, 139 Pa. 96; Higgins Carpet Co. v. Latimer, 165 Pa. 617; Tobyhanna & Lehigh Lumber Co. v. Home Ins. Co., 167 Pa. 231; Carl Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350; and American Structural Steel Co. v. Annex Hotel Co., 226 Pa. 461.

An affidavit of defence or reply required by rule of court is not a pleading (Endlich on Affidavits of Defence, §, 632); hence, it cannot be successfully contended that the rule interjects a new pleading into the case. The object of Rule 68 is to compel the tenant to disclose whether he has a real defence to the rent, for if he has none, the landlord should not be obliged to incur the needless expense of a trial.

Without Rule 68, it is impossible, due to the way the issue is framed, to tell, without a trial, whether the tenant owes the rent: McCrary v. McCully, 75 Pa. Superior Ct. 464. The rule is justified by authority, and has the merit of promoting the speedy trial of cases. Such a rule is equally necessary where the defendant sets up a lien, such as a claim for storage or claim for repairs.

And now to wit, April 30, 1927, the plaintiff is ordered to file a reply to the affidavit of defence on the merits within fifteen days.