# William J. Murphy *v.* Emily D. Taylor, Appellant.

*Pleading—Statement.*

In an action to recover the value of work done and materials furnished, the statement must contain an averment of the amount or sum that each item is reasonably worth, and it must aver that defendant agreed to pay it.

*Affidavit of defense—Action for work and materials.*

Plaintiff claimed for work and materials furnished in repairing defendant's house, describing the house by street and number. The account attached to the statement showed entries beginning with October 8, 1892 ; but it nowhere averred that the prices set opposite the respective items of work done and materials supplied were either correct, just or reasonable, or that defendant agreed to pay said prices.

Defendant's affidavit of defense averred that " she has a just, full, true and legal defense to the whole of the plaintiff's claim, " that on or about October 1, 1892, she made a verbal contract with plaintiff to do certain work upon her house, the same as described in the statement, for which she was to pay $35.00, that she does not owe the amount claimed by plaintiff, $116.44, but she is and always has been willing to pay the said sum of $35.00. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Jan. 10, 1896.    Appeal, No. 434, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., March T.,

1895, No. 165, for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Assumpsit for work done and materials furnished.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement was as follows:

The defendant is indebted to the plaintiff in the sum of $116.44, with interest thereon, for work done and materials supplied in making alterations to the house of the defendant at No. 1504 Pine street, as set forth in an itemized statement hereto annexed, marked "Exhibit A," and made part hereof; and the said plaintiff says that the said materials were furnished and the work done at the instance and request of the said defendant and upon her promise to pay for the same.

CITY AND COUNTY OF PHILADELPHIA, *ss.*

William J. Murphy, being duly sworn according to law, says that the facts set forth in the foregoing statement are true.

(Signed)          WM. MURPHY.

## EXHIBIT A.

1892.   *Emily D. Taylor, To William J. Murphy, Dr.*

October 8.   To making alterations at 1504 Pine Street also making carpenter's bench for boy, putting cupboard in pantry, putting oil painting in mantel in dining room and repairing table and dumb-waiter.

For plastering done.

| | | |
|---|---|---|
| 4 bundles of lath | $1 | 34 |
| 3 lbs. lath nails | | 29 |
| 2 plasterers, 1 day each | 9 | 60 |
| 1 laborer, 1 day | 3 | 60 |
| 2½ bbls. adamant | 3 | 75 |
| 1 bbl. adamant | 1 | 62 |
| 1 bbl. adamant | 3 | 30 |
| " 10.   2 plasterers, ½ day each | 4 | 80 |
| 1 laborer, ½ day | 2 | 00 |
| 1 load of carting | | 80 |

$31 10

Amount carried forward $31.10

| | | | |
|---|---|---:|---:|
| Amount brought forward | | | $31.10 |
| " 21. | To painting. | | |
| | Painter 4 days at $2.50 . . . . . . . | 10 00 | |
| | Paint material . . . . . . . . . | 2 42 | |
| | | | 12 42 |
| Nov. 17. | To time and material. | | |
| | 78 hours carpenter's time at . . . . | 40 | 31 20 |
| | 69 " laborers time " . . . . | 25 | 17 25 |
| | 100 ft. White pine " . . . . | 10 | 10 00 |
| | 30 ft. Y. P. flooring, " . . . . | 08 | 2 40 |
| | 20 ft. 6″ washboard " . . . . | 07½ | 1 50 |
| | 48 ft. window beads " . . . . | 02 | 96 |
| | 12 ft. W. B. moulding " . . . . | 02 | 24 |
| | 40 ft. Y. P. Fencing closet | | |
| |   doors in pantry " . . . . | 06 | 2 40 |
| | 16 ft. yellow pine " . . . . | 10 | 1 60 |
| | 8 ft. ash " . . . . | 10 | 80 |
| | 5 locks & escutcheons " . . . . | 39 | 1 95 |
| | 4 porcelain knobs " . . . . | 05 | 20 |
| | 4 pairs wrought butts " . . . . | 08½ | 34 |
| | 2 " butts " . . . . | 09 | 18 |
| | 2 sash fasteners " . . . . | 10 . | 20 |
| | 2 hooks and eyes " . . . . | 05 | 10 |
| | 1 closet knob . . . . . . . . . | | 05 |
| | 1 wooden escutcheon . . . . . . . | | 05 |
| | 10 lbs. nails at . . . . . . . . . | 05 | 50 |
| | 1 bench screw ˙ . . . . . . . . | | 55 |
| | 1 bench stop . . . . . . . . . | | 45 |
| | | | $116 44 |

(Signed)    MELICK & POTTER,
*For Plaintiff.*

The affidavit of defense was as follows :

Emily D. Taylor, the defendant in the above case, being duly sworn according to law, deposes and says that she has a just, full, true, and legal defense to the whole of the plaintiff's claim of the following nature and character :

That on or about the 1st of October, 1892, the plaintiff verbally contracted with the defendant to extend the partition walls of two rooms across a passageway or entry in the second-story back building of the premises owned by defendant at No. 1504 Pine street, in this city, and to replace two doors, and to do all such things as would be necessary to complete the work in the way of carpentering, priming, and plastering for the sum of $35.00, which defendant agreed to pay upon the completion of the work, which was shortly afterwards completed.

Defendant avers she does not owe the plaintiff the sum of $116.44, as claimed by him in his statement, but she is and always has been ready and willing to pay the said sum of $35.00, but plaintiff has always refused to accept the same.

All of which the defendant avers to be true, and expects to be able to prove at the trial of this cause.

*Error assigned* was order making absolute rule for judgment.

*W. D. Neilson*, for appellant.—The affidavit of defense was in all essential particulars sufficient to require the plaintiff to submit his case to a trial by jury: Shafer v. Brotherhood of Carpenters, 22 W. N. C. 312; Galey v. Fitzpatrick, 171 Pa. 50; Landis v. R. R., 133 Pa. 579: Bryson v. The Home, 168 Pa. 352; Knerr v. Bradley, 105 Pa. 190; Hunter v. Reilly, 36 Pa. 509; McPherson v. Bank, 96 Pa. 135; Bank v. Schofield, 168 Pa. 407; Barker v. Fairchild, 168 Pa. 246; Lawrence v. Smedley, 6 W. N. C. 42.

The statement itself is insufficient to support a judgment for want of a sufficient affidavit of defense: Act of May 25, 1887, P. L. 271; Byrne v. Hayden, 124 Pa. 170; Winkleblake v. Van Dyke, 161 Pa. 5; Newbold v. Pennock, 154 Pa. 591; Gould v. Gage, 118 Pa. 559; Shallcross v. Cole, 3 W. N. C. 272; Gottman v. Shoemaker, 86 Pa. 31; Fritz v. Hathaway, 135 Pa. 274; Bartoe v. Guchert, 158 Pa. 124; Allegheny v. McCaffrey, 131 Pa. 137; City v. Baker, 140 Pa. 11.

*Leoni Melick*, of *Melick & Potter*, for appellee.—The insufficiency of the affidavit of defense is that it is not stated that the work done, for which the defendant admits $35.00 to be due, was the same or part of the same referred to in the statement, nor does it allege that this was the only contract made with the plaintiff.

Galey v. Fitzpatrick, 171 Pa. 50, cited by the appellant, is not in point, because in that case the defendant denied the contract sued upon.

As to the allegation that the statement itself is insufficient, the word "justly" was held not to be essential in Smith, Kline & French Co. v. Smith, 166 Pa. 563.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 20, 1896:

While it is averred in the statement that "defendant is indebted to plaintiff in the sum of $116.44 . . . . for work done and materials supplied in making alterations to" her house "as set forth in an itemized statement thereto annexed, marked 'Exhibit A,' and . . . . that the said materials were furnished and the work done at her instance and request and upon her promise to pay for the same," it is nowhere averred that the prices set opposite the respective items of "work done and materials supplied"—among which are, "1 laborer ½ day $2.00," and "100 feet white pine $10.00"—are either correct, just or reasonable, or that defendant agreed to pay said prices.    If plaintiff believed, or expected to be able to prove that $2.00 for one laborer half a day, and other prices set opposite the respective items in "Exhibit A," were either just or reasonable it would have been an easy matter for him to have said so.    A claim, such as his, for the value of "work done and materials supplied," cannot be regarded as complete without an averment of the amount or sum that each item is reasonably worth.    In substantiating such a claim before a jury, it would be necessary not only to prove each item of work done and materials furnished, but also how much each was reasonably worth.    As was well said in Fritz v. Hathaway, 135 Pa. 274, "As to all matters of substance, completeness, accuracy and precision are as necessary now to a statement as they were before to a declaration in the settled and time honored forms."

But assuming, for argument's sake, the sufficiency of plaintiff's statement, we have no doubt that the averments contained in the affidavit of defense are quite sufficient to carry the case to a jury.    After averring "that she has a just, full, true and legal defense to the whole of the plaintiff's claim," the defendant, evidently still referring to the "work done and materials supplied," which constitute the basis of plaintiff's claim, says in substance that on or about October 1, 1892 (the time named in plaintiff's statement), she made a verbal contract with plaintiff to do said work and furnish the necessary materials for the sum of $35.00, payable on completion of the work; that ever since the completion of the work she has always been ready and willing to pay him the said sum agreed upon, but he has

always refused to accept the same. We are of opinion that this is the only construction of which the affidavit of defense is fairly susceptible.

Judgment reversed and a procedendo awarded.