## Commonwealth to use, Appellant, v. Acker.

*Practice, C. P.—Statement of claim—Insufficient statement—Suggestion of insufficiency—Affidavit of defense—Act of May 25, 1887, P. L. 271—Action against sheriff.*

1. Under the Act of May 25, 1887, P. L. 271, an insufficient statement of claim does not require an affidavit of defense. All that the defendant is required to do is to file a suggestion that a good cause of action is not alleged in the statement.

2. In an action brought against the sheriff and his bondsmen to recover alleged loss of commissions by plaintiff, as agent, by reason of the default of the sheriff in failing to perform a duty, it appeared that the plaintiff was not a party to the record in the suit in which the

alleged default occurred. The statement of claim failed to state who were the parties to the suit, the nature and scope of plaintiff's agency, and the basis on which the commissions were to be computed; nor was it alleged that the sheriff owed the plaintiff any duty either as an individual or as agent. *Held*, that the statement of claim was insufficient, and did not require an affidavit of defense.

Argued Dec. 10, 1912. Appeal, No. 271, Oct. T., 1912, by plaintiff, from order of C. P. No. 4, Phila. Co., June Term, 1912, No. 2,868, discharging rule for judgment for want of affidavit of defense in case of Commonwealth to use of William Wagner, Jr., v. A. Lincoln Acker, Sheriff, and the Maryland Casualty Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit against sheriff and his bondsmen.
Rule for judgment for want of an affidavit of defense.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of an affidavit of defense.

*P. A. Wildermuth*, for appellant.

*Samuel M. Clement, Jr.*, with him *George S. Russell*, for A. Lincoln Acker, sheriff.

*Wessel & Aarons*, for Maryland Casualty Company, appellee.

PER CURIAM, February 27, 1913:

In the first case involving the practice under the Procedure Act of May 25, 1887, P. L. 271, which reached the Supreme Court, it was held that an insufficient statement does not require an affidavit of defense: Gould v. Gage, 118 Pa. 559. In the later case of Chestnut Street Nat. Bank v. Ellis, 161 Pa. 241, the rule was declared, that, to entitle a plaintiff to judgment for want of an affidavit of

defense, or for want of a sufficient affidavit of defense, the statement of his demand under the act of 1887 must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim. This statement of the rule has been approved in many later decisions, including the latest ones on the subject: Rosenblatt v. Weinman, 230 Pa. 536; Black v. Isaacman, 44 Pa. Superior Ct. 476. It is entirely inconsistent with the proposition suggested by the appellant in the present case, that the defendant must either demur or file an affidavit of defense. Upon a rule for judgment for want of an affidavit of defense or a sufficient affidavit of defense, the sufficiency of the statement is a matter in issue, and especially is this true where, as in this case, the defendant has filed a suggestion that no affidavit is required. It is argued by appellees' counsel, in support of their suggestion, (1) that the action was not properly brought; (2) that a good cause of action is not alleged in the statement, and (3) that an affidavit of defense is not required in an action against a sheriff for negligence in his official acts. The second objection is well taken, and therefore the others need not be considered. The action was brought against the sheriff for failure to perform a duty, by a person not a party to the record in the suit in which the alleged default occurred, and the injury alleged to have been sustained by the plaintiff was loss of commissions as agent. As appellees' counsel point out, the statement of claim fails to state who were the parties to that suit, the nature and scope of the plaintiff's agency, the facts which entitled the plaintiff to commissions, and the basis upon which they were to be computed; further, it is not alleged that the sheriff owed the plaintiff any duty, either as an individual or as agent. In short, it cannot be determined with certainty, from the facts averred, that the alleged negligence of the sheriff was a legal injury to the plaintiff for which he could maintain an action. For these and

other reasons that might be suggested, we conclude that the statement of claim fails, both in form and substance, to comply with the requirements of the act of 1887, and, therefore, no affidavit of defense is required.

The appeal is dismissed at the costs of the plaintiff.