# Bethlehem Steel Company *v.* Topliss, Appellant.

*Rules of court—Appeals—Review of construction by court of its own rules.*

1. The Supreme Court is not disposed to review the construction placed upon a rule of court by the court itself unless clear error is shown; no such error appears in a construction holding that a rule which provides that where a copy of book account is attached to the statement of claim, it shall not be necessary to produce the books at the trial unless the affidavit of defense alleges that the account or copies are not correct, or that the books

are not books of original entry, relates to the production of books at the trial, not to the sufficiency of the statement.

*Practice, Common Pleas—Statements of claim—Copies of book entries—Affidavits of defense—Insufficient averments.*

2. In an action for goods sold and delivered, the fact that certain exhibits attached to the statement purporting to be copies of books of original entry, were copies of invoices for the goods was not material, particularly as the statement contained averments as to prices and deliveries which supplemented defects in the attached copies.

3. In such case an affidavit of defense which admitted the receipt of the goods but alleged that the charges were improper, but which did not state what the proper charges were, did not comply with the requirement that an affidavit of defense must set forth the facts upon which a defense is based, and was insufficient to prevent summary judgment.

*Contracts—Written contracts—Variation by parol.*

4. Where in such case it appeared to have been agreed in writing that "shipments of this material to be made and accepted as promptly as our mill and shop conditions will permit," a counter claim in the affidavit of defense for damages for plaintiff's failing to deliver the goods upon a date alleged to have been verbally agreed upon was insufficient to prevent judgment, where it was not alleged that the mill and shop conditions would have enabled plaintiffs to deliver the goods more promptly, where the date of the verbal agreement was not given, and where no facts to explain or justify the omission of the terms thereof from the written contract were set forth.

*Sales—Contracts of sale—Defects in goods—Items of damage— Insufficient averments.*

5. In such case a claim of set-off for the cost of perfecting certain materials furnished by plaintiff, which were averred to be defective, was insufficient where although the amount and cost of the work done, including the amounts paid for labor, etc., were set forth, it was not alleged that the charges for labor were the reasonable or usual charges or that the prices paid for the materials represented the fair market prices thereof.

6. Such expenses as meals and cigars cannot be said to follow as a natural result from failure to deliver goods on contract time, and an item in an affidavit of defense claiming such expense in set off, is insufficient in the absence of facts averred in the affidavit showing why such expenses resulted from the breach of contract.

*Appeals—Paper books—Statement of questions involved.*

7. Questions not included by appellant in the statement of questions involved will not be considered on appeal.

Argued March 31, 1915. Appeal, No. 27, Jan. T., 1915, by defendants, from judgment of C. P. No. 3, Philadelphia Co., March T., 1914, No. 5096, entered for plaintiff for want of a sufficient affidavit of defense, in case of Bethlehem Steel Company v. Charles W. Topliss and Frank H. Street, now or late trading as Topliss & Street. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on book account.

The facts appear by the opinion of the Supreme Court.

The lower court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in making absolute plaintiff's rule for want of a sufficient affidavit of defense.

*E. W. Kirby,* of *Morris & Kirby,* for appellants.

*John G. Johnson,* with him *Benjamin O. Frick,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 10, 1915:

Plaintiff sued to recover the sum of $4,540.25, with interest on various portions of this sum from specified dates, for structural iron manufactured and sold to defendants to be used in building operations in accordance with certain plans and specifications. The affidavit of defense averred the material was defective and not in conformity with the specifications in certain particulars, and claimed a set-off for the cost of completing

the work and correcting mistakes and damages for delay in delivery, and also certain excess freight charges which defendants claimed they paid over and above the agreed price. A supplemental affidavit was afterwards filed and plaintiff took a rule for judgment for want of a sufficient affidavit of defense, and also for judgment for that part as to which the affidavit was deemed insufficient. The court below entered judgment for the full amount of plaintiff's claim, from which judgment defendants appealed, assigning for error this action of the court.

The statement of claim avers the amounts claimed to be due are correct, just and reasonable, and the usual market prices for such goods at the time the sales were made and purports to set forth copies of plaintiff's book of original entries. These copies are not in the usual form of book entries but appear to be copies of the invoices for the goods, and defendants claim plaintiff is not entitled to judgment because of a rule of the court below which provides that where a copy of the book account is attached to the statement of claim it shall not be necessary to produce the books at the trial unless defendant in his affidavit of defense alleges the account or copies are not correct, or the books are not books of original entries. The court below held this was a rule governing the production of books at the trial, and as the statement of claim sufficiently described the goods and averred their delivery and the prices proper, which was admitted in the affidavit of defense, it was immaterial whether the copy attached was a copy of the book of original entries or of some other book containing the necessary information. No objection can be taken to this view, especially since the statement contains averments which help out any technical defect in the attached copies of the book accounts, which, under the Act of May 25, 1887, P. L. 271, are considered merely as an affidavit or exhibit in connection with the statement of claim: Fritz v. Hathaway, 135 Pa. 274; Da-

vidov v. Bail, 23 Pa. Superior Ct. 579. Furthermore, this court is not disposed to review the construction put upon a rule of court by the court itself, unless clear error be shown: Trescott v. Cooperative Building Bank of N. Y., 212 Pa. 47; American Structural Steel Company v. Annex Hotel Co., 226 Pa. 461.

The supplemental affidavit of defense admits the averments in the statement of claim in every respect, except it denies the statement correctly sets forth the amount of proper charges for the goods. As it does not contain information as to what these proper charges should be, it fails, so far as this part of the defense is concerned, to comply with the general requirement that an affidavit should set forth the facts upon which the defense is based: Andrews v. Blue Ridge Packing Co., 206 Pa. 370. The only question to be considered, therefore, is whether or not the set-off or counterclaim is sufficiently alleged.

There are a number of items for alleged delay in delivering goods due to the fact that plaintiff failed to complete them on time. The difficulty with these items is that the acceptances of defendants' orders for the materials are all in writing, and contain the express statement that "shipments of this material to be made and accepted as promptly as our mill and shop conditions will permit." There is no averment in the claim of set-off that the mill and shop conditions would have enabled plaintiff to deliver the goods more promptly. While defendants state the promises as to shipments were made verbally by duly authorized agents of the company, there is no statement as to when these verbal promises were made, whether before or after the written acceptance by plaintiff. If before the writing was made, that paper must be presumed to have been the final agreement of the parties, in the absence of some averment by defendants that the verbal agreement was the inducement for the placing of the order, or that it was omitted from the written acceptance by reason of

fraud, accident or mistake, in either of which case defendants would be permitted to introduce parol evidence to vary the terms of the written acceptance. On the other hand, if the verbal promise was made after the written acceptance there was no consideration for such promise. The court below was, therefore, correct in entering judgment for plaintiff without deduction for delay in delivery of the goods.

Another claim of set-off is for the cost of drilling and perfecting the materials which were not made in accordance with the plans and specifications. The items of these claims are set forth in detail, and, in addition to the work done, include carfare, meals, hotel expenses, cigars and other items under the heading "miscellaneous." While the amount and cost of work done is specified in detail showing the number of hours of labor and the price charged per hour, and it is also averred that the work and expense were rendered necessary by reason of the failure of plaintiff to properly drill and deliver the goods in accordance with specifications, and that defendants in each case notified plaintiff as promptly as the circumstances permitted of the necessity and cost of such repairs and loss and expenses incident thereto, there is no averment that the prices charged for labor are reasonable or the usual charge or that the price paid for other items charged is the fair market price. Such averments are necessary in a statement of claim: Murphy v. Taylor, 173 Pa. 317, and therefore are required in an averment of set-off: Baker v. Tustin, 245 Pa. 499. As to the items for meals, cigars, etc., there is nothing in the affidavit of defense to show why such expenses should be a result of the failure of plaintiff to properly perform the work. Certainly such expenses cannot be said to follow as a natural result of the breach of contract and in the absence of explicit averments showing a valid reason for charging such items plaintiff cannot be held liable for them.

With respect to the claim for allowance for freight

charges, this matter is not included by appellants in their statement of the questions involved and is, therefore, not before the court and will not be considered.

The judgment is affirmed.