## Mifflin Township Road.

*Road law—Opening road—Notice of proceedings—Failure to give notice to supervisors—Waiver—Act of March 29, 1905, P. L. 69.*

Where no written notice of proceedings to lay out and open a public road has been given to township supervisors or commissioners, such proceedings will on proper application be set aside; and this is so although five of the nine commissioners of the township have signed the petition. Only the board of commissioners acting as a body can do any act which may constitute a waiver of the requirements of the statute as to notice.

Argued April 25, 1917. Appeal, No. 72, April T., 1917, by Board of Township Commissioners of Mifflin Township, from order of Q. S. Allegheny Co., Jan. Sessions, 1914, No. 1, discharging rule to quash proceedings in the Matter of a Public Road in Mifflin Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to quash proceedings to lay out and open a public road. Before HAYMAKER, J.

From the record it appeared that Mifflin Township is a township of the first class having a board of township commissioners consisting of nine commissioners. Five of these commissioners joined in the petition to open the road. The record showed that no written notice of the proceedings had been given to the board of township commissioners as provided by the Act of March 29, 1905, P. L. 69. The court discharged the rule on the ground that the commissioners by joining in the petition had waived the requirement of the act.

*Error assigned* was order discharging the rule.

*Thomas Garrahan,* with him *John W. Smart,* for appellant.—The provisions of the act are mandatory and

the provisions as to notice must be strictly complied with: Harris v. Mercur, 202 Pa. 313; Norwegian Street, 81 Pa. 349; White v. McKeesport, 101 Pa. 394; Jones v. Beale, 217 Pa. 182; Little Britain Twp. Election, 16 D. R. 611; Paradise Twp. Road, 15 D. R. 953; Franklin Twp. Road, 22 D. R. 431; Clarion Twp. Road, 35 Pa. C. C. R. 17; O'Hara Twp. Road, 152 Pa. 319; Bean's Road, 35 Pa. 280; Frankstown Twp. Road, 26 Pa. 472; Middletown Road, 15 Pa. Superior Ct. 167; Dunbar Twp. Road, 12 Pa. Superior Ct. 491.

There is no evidence in this case that the board of township commissioners of Mifflin Township, as a body, knew of the application for the appointment of viewers. The public, which they represent, have a right to have all official matters passed upon in an official way.

Action is not official when taken by officers in their personal or individual capacity, though all be members of a municipal board and all concur: Nason v. Directors of Poor, 126 Pa. 445.

*E. J. McKenna,* of *McKenna & McKenna,* with him *W. H. Lemon,* for appellee.—The commissioners waived the notice: Davis v. Fenner, 30 Pa. Superior Ct. 389.

OPINION BY HENDERSON, J., November 19, 1917:

The proceeding in the court below was statutory. The Act of March 29, 1905, P. L. 69, provides that: "it shall be the duty of the parties making application to the courts for the appointment of viewers to lay out, open or construct a public road, to give a written notice of such application to the supervisors or commissioners of roads and highways of the district through which the proposed public road is designed to be laid out and constructed, of the time and place of such application. A copy of which written notice properly attested shall be filed among the records of the court having cognizance of the matter." It is further provided that: "A failure to comply with the provisions of this act as to such

notice shall be sufficient grounds for an application to set aside whatever proceedings may have been taken of which said supervisors or commissioners of roads and highways had no written notice." It is admitted that written notice was not given to the commissioners of the township of the time and place, when and where the application for the appointment of viewers would be made and, as a consequence, a copy of the written notice properly attested could not be filed among the records of the court. The object and importance of such a notice is obvious. The public is interested in the creation of new roads and the board of township commissioners is a body to which notice might appropriately be given. Required as they are by virtue of their office to open all public highways in the township laid out by lawful authority and to keep the same in repair and representing as they do the public with respect thereto it is a beneficial provision of the law that they receive notice when it is proposed to place additional burdens on the district. It appears that the law with respect to notice was not complied with and the act declares that a failure with respect thereto shall be sufficient grounds for an application to set aside whatever proceeding may have been taken. The objection lies at the threshold and relates to a matter declared to be necessary to the regularity of the proceeding. The learned judge of the court below conceding the failure to comply with the requirements of the statute disposed of the motion to quash on the ground of waiver by the township commissioners. Something is predicated of the fact that five of the nine commissioners of the township were petitioners for the road and reference is made to the action of the board in advertising for proposals to construct the road and the discussion of the question of its construction at various meetings of the board, from all of which it is held a waiver exists. It will be observed, however, that nothing was done by the board until after the final decree of confirmation by the court. The action of the five commis-

sioners referred to in signing the petition was not the action of the board. Whatever they did as petitioners was done in their individual capacity. There was no meeting of the board in which they were authorized to represent it and evidently they acted as citizens of the township in becoming petitioners. The board could only act in its official capacity and the notice must have been given to that organization in writing in order that there be a compliance with the requirements of the statute. If we concede that there might be a waiver of the statutory requirement that waiver must have been made by the board of township commissioners. They have not opened the road. They have taken no action so far as the record discloses from which an estoppel could arise and we are unable to see that a discussion as to the cost of the road or a determination to open it amounts to a waiver of the right to set up the objection which is declared to be sufficient ground to set aside the proceeding. We are of the opinion that the facts disclosed are not sufficient to prevent the appellants from taking advantage of the defective proceeding under which the road was decreed. The judgment of the Court of Quarter Sessions is, therefore, reversed and the proceeding quashed at the cost of the appellee.