# Feldman, Armon & Co., Appellants, *v.* Lodge.

*Practice—Municipal Court—Statement of claim—Suggestions of insufficiency—Entry of judgment by a clerk.*

Where the lower court has recognized the practice of filing suggestions of insufficiency to statements of claim, although the stricter practice would require an answer verified by affidavit, such suggestion properly raises the question of the sufficiency of the statement, and the clerk of the Municipal Court cannot enter judgment for want of an answer.

*Rules of court—Construction—Appeal.*

Upon a construction of its own rules, or the application of them, a lower court will not be reversed, except for manifest and material error.

Argued Dec. 2, 1918. Appeal, No. 295, Oct. T., 1918, by plaintiff, from order of the Municipal Court of Philadelphia, March T., 1918, No. 338, making absolute the rule to strike off judgment in case of Feldman, Armon & Co. v. David Lodge, trading as D. Lodge. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before MACNEILLE, J.

Rule to strike off judgment.

The opinion of the Superior Court states the case.

The court made absolute the rule to strike off judgment.

274 FELDMAN, ARMON & CO., Appellants, *v.* LODGE.

Assignment of Error—Opinion of the Court. [71 Pa. Superior Ct.

*Error assigned* was the order of the court.

*Jacob Weinstein,* and with him *Mayer E. Herman,* for appellant.—The defendant's suggestions of insufficiency were not regular or in accord with the rules of practice: Philadelphia & Reading Ry. Co. v. Walton, 248 Pa. 381; Harris v. Mercur, 202 Pa. 313; Maurer v. Brennan, 58 Pa. Superior Ct. 587; Norwegian Street, 81 Pa. 349; Harris v. Mercur, supra; Automatic Merchandising Co. v. Delaware & Hudson Co., 233 Pa. 581; Curtis v. Hubbell, 8 W. N. C. 367; Emademe v. Weadick, 69 Pa. Superior Ct. 369; Johnson v. Insurance Co., 218 Pa. 423; Dorian v. Slovak Union, 51 Pa. Superior Ct. 116; Western Nat. Bank v. Cotton Co., 35 Pa. Superior Ct. 47.

*Evans, Forster & Wernick,* for appellee.—An insufficient statement does not require an affidavit of defense and the suggestions, as filed, were enough to prevent judgment: Commonwealth v. Acker, 53 Pa. Superior Ct. 54; Bordenstown Baking Co. v. Restein, 214 Pa. 30.

OPINION BY TREXLER, J., March 3, 1919:

Plaintiff's statement of claim was duly filed. Defendant entered a rule for judgment for want of a sufficient statement. This rule was discharged with leave to file a supplemental statement. The supplemental statement being filed, the defendant filed a suggestion in writing that the statement was not sufficient to require an answer. The plaintiff then entered a rule for judgment for want of an answer which rule was discharged by the court with leave for the plaintiff to file a supplemental statement. The supplemental statement being furnished, was again met with a suggestion similar to the one formerly filed that the statement was not sufficient to require an answer. Judgment was then entered by the clerk for the amount of plaintiff's claim. The court upon rule entered struck off the judgment and from that action this appeal is had.

The Municipal Court Act of July 12, 1913, P. L. 711, provides for the filing of a statement by the plaintiff which is to be met by an answer from the defendant within ten days and if no answer is filed the plaintiff may take judgment as of course. The answer required by the statute "shall contain an admission or denial of each fact averred." There is no mention made of a demurrer to the statement. There is nothing contained in the statute providing for the filing of a suggestion by the defendant of the insufficiency of the statement. Such suggestion however, has been recognized under the Act of May 25, 1887, P. L. 271, although no mention is made of it in that act nor any allusion made to a demurrer: "The suggestion of insufficiency is in the nature of a demurrer to the copy of the instrument sued on, or now to the statement of the cause of action and puts the plaintiff to a rule for judgment. On this rule if the suggestion of insufficiency is not sustained the court may enter judgment for want of an affidavit of defense, but unless the suggestion is manifestly frivolous or intended merely for delay, the usual practice has been to allow an opportunity for filing an affidavit if counsel state that they are instructed that a good defense exists. This, however, is entirely within the discretion of the court": Bordentown Banking Company v. Restein, 214 Pa. 30; see also Com. v. Acker, 53 Pa. Superior Ct. 54.

It was said in Gould v. Gage, 118 Pa. 559, and often repeated since, an insufficient statement does not require an affidavit of defense. If the filing of a suggestion under the Act of 1887 put the plaintiff to his rule for judgment it would seem that under the Municipal Court Act it would have the same effect. That the Act of 1887 unlike the Municipal Court Act does not provide for the entry of judgment of course does not alter the case. If such suggestion properly raises the question of the sufficiency of the statement, the clerk is not the person upon whom judicial powers are conferred to decide

The question before us therefore, is not one of the construction of an act of assembly but becomes one which has to do with the rules of court. The rules of the Municipal Court provide for the entry of judgment by the clerk where no answer is filed. Rules for a more specific statement shall be filed within five days after service of the particular pleading to which objection is made. All defenses heretofore raised by demurrer may be set up in a motion for judgment for want of a sufficient statement supported by affidavit, which motion shall be filed within five days after the filing and service of the statement of claim. It may be that under the above rules the proper way to raise the question of the insufficiency of the statement is by an answer filed and sworn to and not by the kind of a suggestion we have before us. This is for the court to determine in the first instance. We do not think we are now required to decide it. Unfortunately, the judge who struck off the judgment gave no reason for his action but under the circumstances, we cannot adjudge him as abusing his discretion. The plaintiff had been indulged to the extent of having filed three statements. One of these he was forced to make by reason of a suggestion similar in all respects to the one that is now objected to. The court appears to have recognized the practice. To strictly enforce the rule against the defendant when so much grace had been given to the plaintiff would seem not to be dealing out justice with an even hand. The court under such circumstances, may waive a strict compliance with the rules: Watkins v. Justice, 256 Pa. 37. Upon a construction of its rules or an application of them, a court will not be reversed only for manifest and material error: Shannon v. Castner, 21 Pa. Superior Ct. 294. Such is not present in this case.

The order is affirmed.