# In re: Road in Hampton Township.

*Road law—Opening of road—Notice of proceedings—Failure to give notice to supervisors—Waiver—Act of March 29, 1905, P. L. 69.*

Where no written notice of proceedings to lay out and open a public road has been given to township supervisors or commissioners such proceedings, may, on proper application, be set aside; but applications of that character are always made to courts of original jurisdiction and the appellate court will not reverse for an objection which was not brought to the notice of the court below.

Where there was no application to set aside the proceedings or exception filed in the court below, based on the failure to comply with the Act of 1905, the appellate court will not reverse, especially in view of the fact that the supervisors appeared at the view in their official capacity.

*Road law—Review—Act of June 12, 1836, P. L. 551, Sec. 35—Practice, Q. S.—Rule of court.*

The rule of the Court of Quarter Sessions of Allegheny County, prescribing that a petition for a review must be made before the expiration of the first week of the term succeeding that in which the report of the viewers is filed (Rule 39), is a valid rule and does not conflict with the Act of June 12, 1836, P. L. 551, which provides that any person interested shall be entitled to a review upon application therefor if made "at or before the next term of the said court, after the report of the first view."

The court has power, by standing rule or otherwise, to arrange the business of the term, and designate the certain days or periods on which different kinds of business shall be transacted, and on which special cases will be heard or applications entertained. The general rule is that appellate courts will not reverse the lower court as to the construction which it places on its own rules, except in cases of manifest error.

484, (1919).]    Statement of Facts—Arguments.

Argued May 6, 1919.  Appeal, No. 28, April T., 1919, by Charles Anderson et al., from order of Q. S. Allegheny Co., December Sess., 1916, No. 1, dismissing a petition for review in re Petition for a Public Road in the Township of Hampton.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.  Affirmed.

Exception to report of Board of Viewers.    Before DAVIS, J.

The opinion of the Superior Court states the case.

The court dismissed the exceptions.

*Error assigned* was the order of the court.

*J. D. Hern,* and with him *Denis A. E. Behen,* for appellant.—The provisions of the Act of March 29, 1905, P. L. 69, required written notice to be given to township supervisors: Mifflin Township Road, 68 Pa. Superior Ct. 281.

If Rule 39 of the Court of Quarter Sessions of Allegheny County is inconsistent with the act of assembly, it must give way to the statute: Jonestown Road, 1 P. & W. 243; Magill's Appeal, 59 Pa. 430; Hickernell v. Bank of Carlisle, 62 Pa. 146; Vanormer v. Ford, 98 Pa. 177; Wilkins v. Anderson, 11 Pa. 399; Barry v. Randolph, 3 Binney 277; Snyder v. Bauchman, 8 S. & R. 336; Mylin's Estate, 7 Watts 64.

*A. H. Mercer,* and with him *A. B. Angney,* for appellees.—The court of quarter sessions had full power to make rules to control its practice and expedite business: McCandless Township, 110 Pa. 605; Ross Township Road, 5 Pa. Superior Ct. 85.

The appellate courts will not interfere with the construction which the lower court places upon its own rules: McLane v. Hoffman, 164 Pa. 491; Dexter v. Powell, 14 Pa. Superior Ct. 162; Brennen v. Prudential Ins.

· Arguments—Opinion of the Court. [72 Pa. Superior Ct.
Co., 148 Pa. 199; American Struc. Steel Co. v. Annex
Hotel Co., 226 Pa. 461; Elm City Lbr. Co. v. Haupt, 50
Pa. Superior Ct. 489; Feldman v. Lodge, 71 Pa. Superior Ct. 273.

OPINION BY KELLER, J., July 17, 1919:

The first assignment of error is directed to the failure
of the petitioners to comply with the provisions of the
Act of March 29, 1905, P. L. 69, requiring written notice
of the application for the appointment of viewers to be
given supervisors of townships in connection with proceedings to open and lay out roads therein.

The objection to the proceedings on this ground was not
filed in the court below except under the very general exception to the viewers' report that the "proceeding is not
done according to the act of assembly in such cases made
and provided," and the counsel for the appellants very
frankly admit that it was not urged at the argument. It
seems to have been an afterthought induced by the decision of this court in Mifflin Township Road, 68 Pa. Superior Ct. 281, which was decided after this case was
argued in the court of quarter sessions. The act does
not provide that a failure to give the required notice,
shall render the proceedings null and void, but "shall be
sufficient grounds for an application to set aside whatever proceedings may have been taken of which said
supervisors.......had no written notice." This contemplates an application in the court below to set aside the
proceedings because of failure to give such notice or a
specific objection in that court based on that ground,
otherwise the defect is cured. Applications of that character are always made in the court of original jurisdiction, and there is nothing in the language of the act pointing to an intention to depart from the well settled rule
that in a road case an appellate court will not reverse for
an objection which was not brought to the notice of the
court below: Road in Moore Township, 17 Pa. 116;
Lower Merion Road, 18 Pa. 238; see also: Armstrong

& Latta v. Phila., 249 Pa. 39; Weiskircher v. Connelly, 256 Pa. 387; Hurt v. Fuller Canneries Co., 263 Pa. 238. There was no application to set aside the proceedings or exception filed in the court below based on the failure to comply with the Act of 1905 and hence the first assignment of error cannot be sustained. Furthermore, speaking for myself, I am of opinion that the defect was, in any event, cured by the supervisors appearing at the view and in their official capacity opposing the road and filing exceptions to the report of viewers. The record in the case shows that this was done and the appellants' statement of questions involved admits it. I see no valid reason for being more strict as to notice or service of process in the quarter sessions than in the common pleas. The Act of 1905 is no more explicit than the various acts providing how process in the court of common pleas shall be served. Yet it has uniformly been held that defects in, or even want of, service of process in the court of common pleas is cured by an appearance and defense on the merits: Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33; affirmed in 197 Pa. 230. The purpose in both courts is the same, to give notice of the proceedings to the parties interested, and it is idle to say that this has not been accomplished when the record shows that the party has appeared and contested the proceedings on its merits. There is nothing in the decision in Mifflin Township Road, supra, in opposition to this view. There a motion was made to quash the proceedings in the court of quarter sessions for failure to give notice of the application for appointment of viewers, and it was held in this court that the fact that five out of nine township commissioners had signed the petition as individuals did not constitute a waiver of such notice by the board of township commissioners; that there was no action by the board in the matter. There is nothing in the opinion, however, to suggest that the notice must be served any differently from a summons in the court of common pleas or that the board of township commissioners or supervisors could not as a

board have waived such notice in the quarter sessions just as effectually as in the common pleas, if the record of the court showed that they appeared and defended in their official capacity.

The other three assignments relate to the construction of Section 25 of the Act of June 12, 1836, P. L. 551, and Rule 39 of the Court of Quarter Sessions of Allegheny County.

Section 25 of the Act of 1836 (p. 559) reads as follows: "In all cases of views for any purpose mentioned in this act, the respective court shall on petition of any person interested, direct a second view or review for the same purpose: Provided, That application therefor be made at or before the next term of the said court, after the report of the first view."

The act does not expressly provide that the petitioner for a review must have the whole of the next term after the report of the first view in which to file his petition; and it was early held in Road in Little Britain, 27 Pa. 69, that a rule of the Court of Quarter Sessions of Lancaster County that petitions relative to roads must be presented during the regular term (i. e. the first two weeks of the term) and that no petitions will be heard at any of the adjourned sittings of the court, was not in conflict with the act. The Supreme Court said: "But the court may set apart a particular portion of the term for such purposes and lawfully refuse to be interrupted in their other business for the rest of the session." In Road in McCandless Township, 110 Pa. 605, the very rule of court of Allegheny County complained of in this case was under consideration. The Supreme Court said: "It is contended that under the Act requiring the court to appoint reviewers, provided 'application therefor be made at or before the next term......after the report upon the first view,' plaintiffs in error had the whole of December Term, extending to first Monday of March, in which to present their petition for appointment of reviewers, and therefore the rule of court, in so far as it

conflicts with the Act, is imperative [inoperative]. This is undoubtedly so if we concede that the court has no power, by standing rule or otherwise to arrange the business of the term and designate certain days or periods in which different kinds of business shall be transacted. But we are neither disposed nor required to make any such concession. While each term of the court in Allegheny County continues until the next begins, it is entirely competent and proper for the court to classify its business and designate certain periods in which special cases will be heard or applications entertained. In addition to the current term to which an order to view may be returned the rule of court fixes the first week of the next succeeding term as the period within which petitions for appointment of viewers may be presented. Reports of viewers must, under the rule, be presented during the first week of the term to which they are returnable, and parties who may be interested have the residue of the term and the first week of the next succeeding term in which to ask for the appointment of reviewers." See also Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432, p. 436; McGreevy v. Kulp, 126 Pa. 97, pp. 100, 101.

The appellants contend, however, that Rule 39 does not require a petition for review to be filed during the first week of the next term after the report upon the first view, if exceptions have been filed to the report. The rule reads: "After the first week of the next ensuing term after the report is presented and approved the clerk shall, of course, mark it confirmed, and enter the proceedings of record, if no exception or review is pending." The Court of Quarter Sessions of Allegheny County has construed this rule to mean that exceptions to the report of viewers and petitions for review must be filed not later than the first week of the next ensuing term after the report upon the first view is presented or otherwise the report is to be marked absolutely confirmed and entered of record. The general rule is that appellate courts will

not reverse the lower court as to the construction which it places upon its own rules, except in cases of clear error, palpable abuse, or where the construction is manifestly erroneous: Feldman v. Lodge, 71 Pa. Superior Ct. 273; Elm City Lumber Co. v. Haupt, 50 Pa. Superior Ct. 489; American Structural Steel Co. v. Annex Hotel Co., 226 Pa. 461; McLane v. Hoffman, 164 Pa. 491. Furthermore, as heretofore pointed out, this very rule was construed by the Supreme Court in Road in McCandless Twp., supra, and in an opinion by Mr. Justice STERRETT, who had been elevated to that court from the bench of Allegheny County, the interpretation now placed on the rule by the court below was adopted by the Supreme Court; and was likewise so construed by this Court in Ross Township Road, 5 Pa. Superior Ct. 85, p. 89. If within the time fixed by the rule no exceptions are filed or no petition for review is presented, the report is confirmed finally and entered of record; but the filing of exceptions does not prolong the period within which a petition for review must be presented any more than the filing of a petition for review does not extend the time for filing exceptions to the report. Any party interested may adopt either course, or may do both, but whatever he is going to do to prevent final and absolute confirmation of the report must be done not later than the first week next succeeding the term at which the report is presented.

The report of the viewers in this case was filed May 12, 1917. Under Rule 39 the appellants had until June 9, 1917, within which to file exceptions and petition for a review. Exceptions were filed in time but the petition for review was not filed until July 5, 1917, or too late under the rule of court above referred to.

The assignments of error are all overruled and the order of the court below is affirmed at the costs of the appellants.