Jennings et al. *v.* Yanovitz (Milostich, Appellant).

Argued October 2, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*John J. Cahill,* and with him *George F. Douglas,* for appellant.

*Samuel C. Nissenbaum,* for appellee.

OPINION BY TREXLER, P. J., December 18, 1934:

There was a petition on the part of a garnishee, John Milostich, to open a judgment entered against him for want of an answer to interrogatories that had, according to the record, been served upon him. The lower court dismissed the petition.

The first reason presented in support of the application was that the endorsement on the interrogatories was not in accordance with a rule of the municipal court in that it requires the garnishee to answer the interrogatories in fifteen days or judgment sec. leg., while the rule designates that the answer shall be made in fifteen days "after service of a copy." The lower court held that the endorsement was in substantial compliance with the rule. An appellate court will not reverse the lower court in the construction which it places on its own rules unless there is mani-

fest error. Bethlehem Steel Co. v. Topliss, 249 Pa. 417, 94 A. 1099; In re: Road in Hampton Township, 72 Pa. Superior Ct. 484; Feldman, Armon & Co. v. Lodge, 71 Pa. Superior Ct. 273. There is no harm shown to have been occasioned to the garnishee, and no allegation that he was misled. In fact his position is, as will appear in the next paragraph, that the interrogatories were never served upon him or upon any one whom the law designates as the proper person to be served.

As to the service of the interrogatories there was a sworn affidavit filed showing service on an adult member of the garnishee's family at 205 Montrose Street, Philadelphia, the admitted place of his residence. The petitioner produced negative testimony by the members of his family that none of them were served. The judge hearing the case accepted the testimony of the person who had served the notice. It was his task to decide as between the two contradictory narrations.

Another reason urged is that there was no attempt made to levy upon the personal estate of the garnishee before proceeding against the real estate, Act of June 16, 1836, P. L. 755, Sec. 43, 12 PS 2381. The trial judge states in the opinion filed, "The garnishee did not complain about the judgment for two and a half years after it was entered against him and he did nothing until long after the writ of vend. ex. was served on him by the sheriff, and took no action until a few days before the day the sheriff would sell the real estate." We may add that on the face of the record it appears that the sheriff returned the writ "Nulla Bona," as to the personal property. The presumption is that the sheriff's return is true and that he found nothing upon which he could make a levy.

The order of the lower court discharging the rule to open the judgment is affirmed.